UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darrell Dean Prouty, | Case No. 21-cv-2207 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| DHS-MSOP employees, Nicole Kielty, Jessica Joyal, Dave Borchardt, Katie Marvel, Brooke Ness, Steph Kolodge, Jordan Goodman, Blake Carey, Scott Giannini, Thayne Murphy, Kayla Taylor, Stacy Bovin, Nancy Stacken, Peter Puffer, Tracy Zuk, Taya Zuk, Keri Ovsak, Sonia J. Bjorklund, Kristi Wagner, Shana Clausen, Nancy Moore, Katherine Schesso, David Miles, Dana Osborne, Sarah Kulas, Steven Sajdak, Melissa Class, Tammy Sheldon, Rebecca DeYoung, Sue Swansen, Jeremy Wouri, Debra K. Barron, and Amy, | |
| Defendants. | |

---

Plaintiff Darrell Dean Prouty, a client of the Minnesota Sex Offender Program (MSOP), filed this lawsuit on October 6, 2021, alleging that various MSOP officials have engaged in unlawful behavior. United States Magistrate Judge John F. Docherty notified Prouty in an October 29, 2021 Order that Prouty had not signed his pleading and that he was required either to sign that pleading or to submit a signed amended pleading. In the October 29, 2021 Order, the magistrate judge notified Prouty of additional inadequacies with Prouty's complaint, including Prouty's lack of standing to seek enforcement of criminal statutes. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009)

(stating that "[p]rivate citizens, such as [plaintiff], do not have standing to enforce criminal statutes or have them enforced").

On November 8 and 9, 2021, Prouty filed two additional documents (hereinafter, November Motions). (Dkts. 5, 7.) Although these documents are docketed as motions for temporary restraining orders, Prouty labeled them each "Complaint."[1] Federal Rule of Civil Procedure 8(a) requires a pleading that states a claim for relief to contain both "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Neither of Prouty's November Motions contains a jurisdictional statement or a direct statement of the claims Prouty raises. Instead, the November Motions address the relief Prouty seeks during the pendency of this litigation, including a request for the immediate issuance of arrest warrants for dozens of MSOP officials. In light of Prouty's filings, the Court concludes that Prouty has filed only one pleading in this case: Prouty's initial complaint.

Prouty's complaint is not signed. Federal Rule of Civil Procedure 11(a) requires a court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). The magistrate judge informed Prouty in the October 29, 2021 Order that Prouty is required to file a signed pleading and, if he fails to do so, Prouty's complaint will be stricken and his case will be dismissed without prejudice. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x

---

[1] These documents are largely identical to one another, with a few differences not relevant to this Order.

496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Prouty has failed to file a signed pleading. For this reason, the Court strikes Prouty's pleading and dismisses this case without prejudice.[2] All pending motions Prouty has filed in this case are denied as moot.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Darrell Dean Prouty's complaint, (Dkt. 1), is **STRICKEN** pursuant to Federal Rule of Civil Procedure 11(a).

---

[2] Even if either of Prouty's November Motions were interpreted as a pleading, dismissal of this case is warranted. Prouty seeks predominantly criminal relief. Prouty has been notified that he lacks the standing necessary to request enforcement of purely criminal statutes or to demand the prosecution of individuals. *See Kunzer*, 667 F. Supp. 2d at 1060–61. In addition, many of the allegations Prouty raises in his November Motions involve alleged injuries to MSOP clients other than himself. Just as Prouty lacks standing to demand the enforcement of criminal laws, so too does he lack standing to prosecute civil claims based on injuries to others. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (requiring the plaintiff to allege that he suffered an injury in fact). Standing is a jurisdictional requirement. The Court cannot proceed to the merits of a claim that the plaintiff lacks standing to bring. *See* Fed. R. Civ. P. 12(h)(3). In addition, sovereign immunity insulates Defendants from claims for monetary damages brought against them in their official capacities as agents of the State of Minnesota, *see, e.g.*, *Hill v. Reed*, 815 F. App'x 104, 105 (8th Cir. 2020) (per curiam); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam), and Prouty has failed to name the Defendants in their personal capacities, *see Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). And to the extent that Prouty seeks prospective injunctive relief based on injuries that he alleges he suffered or is imminently in danger of suffering, the relief Prouty seeks and the allegations on which Prouty seeks relief are duplicative of relief requested and claims advanced by Prouty in another of the lawsuits he has filed in this District. *See Prouty v. Joyal*, No. 21-cv-1847 (KMM/DTS) (D. Minn. 2021).

2.  This case is **DISMISSED WITHOUT PREJUDICE**.

3.  Plaintiff Darrell Dean Prouty's motions for temporary restraining orders, (Dkts. 5, 7), are **DENIED AS MOOT**.

4.  Plaintiff Darrell Dean Prouty's application to proceed in forma pauperis, (Dkt. 2), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 13, 2022                    s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge